DAVID MEREDITH, Objector

v.

AUMAVAE T. as land owner, and TOGIVA
STRIPLIN, as building owner

No. 137-1965

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Pua Pua"]

May 20, 1965

David Meredith *pro se.*
Aumavae and Togiva Striplin *pro se.*

MORROW, *Chief Justice.*

 On April 14, 1965 Aumavae T. as land owner and Togiva Striplin as building owner entered into a separation-of-structure agreement pursuant to Chapter 12.02, Section 12.0201 of the American Samoa Code, 1961 Ed. The parties to the agreement described the land on which the building was to be erected as the communal family land of Aumavae T. "generally known as Pua Pua (Toefisia)."

In the case of *Aumavae, Magalei and Satele v. Tolouma of Iliili,* No. 4-1927 (H.C. of Am. S.), heard at Fagatogo on July 30 and 31 and August 8, 1930 it was "Ordered, Adjudged and Decreed that the title to the land . . . Toefisia" was in Toloumu of Iliili. Toefisia was thus the individually owned land of Toloumu. He died in 1931. It appears that he left surviving him 3 children by his first wife, viz. Aumavae T., Malama, and Fetuia'i and three children by his second wife, viz. Saimaalili, Paileulu and Esi. His second wife Fale also survived Toloumu. The children by Fale were minors. Fepuleai was appointed guardian for them and he was authorized, as guardian, to execute for them a deed to Toefisia to Saiselu Meredith "if in his judgment as guardian" it was in their interest to dispose of Toefisia. Fepuleai, as guardian of the three minors, and Fale, their mother, deeded Toefisia to Saiselu Meredith by deed dated September 1, 1932 and recorded in Vol. II, Register of Transfers at pp. 180–190. Toefisia is registered in Vol. I, Native Titles at pp. 200–202.

Saiselu Meredith passed away some years ago leaving a number of children surviving her of whom objector David Meredith is one.

From the foregoing it is apparent that the land Toefisia is the individually owned land of the children of Saiselu and the children of Toloumu by his first wife. There was no evidence that either Toloumu or Saiselu left wills.

 We cannot order the separation-of-structure agreement executed by Aumavae T. and Togiva Striplin recorded pursuant to Section 12.0204 of the American Samoa Code, 1961 Ed. for two reasons. The first is that the land Toefisia is not communal land as it is described in the separation agreement. The second is that Aumavae T. is not the owner, but only one of a number of owners of Toefisia. Section 12.0202 of the American Samoa Code, 1961 Ed. provides that "if the person seeking to separate a structure from individually owned lands or freehold lands is the owner of the lands upon which the structure is or is to be erected, the agreement shall be executed by such owner."

As we have said Aumavae T. is not the owner of Toefisia. He is only one of a number of owners of the land. The owners, who are tenants in common of the property, have not signed the agreement, only one of them has, viz. Aumavae T.

ORDER

Accordingly it is ORDERED that the Registrar of Titles shall *NOT* record the separation-of-structure agreement executed by Aumavae T. and Togiva Striplin on April 14, 1965. Pursuant to Section 12.0204 of the American Samoa Code, 1961 Ed., such agreement is null and void.

Costs in the amount of $8.00 are hereby assessed against Aumavae T., the same to be paid within 20 days.